JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | CASE NO. CV 13-644-R |
| Plaintiff/Respondent, | ) ) | CR 11-1109-R |
| vs. | ) ) | ORDER DISMISSING DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS |
| JOSE LUIS GALVAN AVILA, | ) ) | |
| Defendant/Petitioner. | ) ) | |

On January 23, 2012, Defendant/Petitioner Jose Luis Galvan Avila ("Defendant") pled guilty to one count of Title 8 U.S.C. § 1326, Illegal Alien Found in the United States Following Deportation. *See USA v. Avila*, CV 11-1109-R, Doc. No. 21. The plea agreement stated, in pertinent part, that on or about January 28, 1993, Defendant was convicted in Los Angeles County Superior Court of Possession of a Controlled Substance, in violation of California Health and Safety Code § 11350(a). *See Id.*, Doc. No. 13. The plea agreement also stated that Defendant was lawfully deported or removed from the United States on January 22, 1994, July 7, 2010, and August 11, 2010. *Id.*

On January 30, 2013, Defendant filed a Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2241, which is currently before the Court. Plaintiff contends that his § 1326 conviction should be vacated because the underlying January 22, 1994 deportation, which was the

basis for his subsequent deportations, was unlawful for two reasons: (1) Defendant received ineffective assistance of counsel in his state court, felony conviction; and (2) the Immigration Judge, in the underlying deportation proceeding, failed to advise him of potential relief under § 212(c) of the Immigration and Nationality Act ("INA"), Title 8 U.S.C. § 1182(c) (repealed 1996).

However, the REAL ID Act, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (May 11, 2005), which became effective on May 11, 2005, eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). As amended by § 106(a) of the REAL ID Act, § 1252(a)(5) now provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of [T]itle 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

Title 8 U.S.C. § 1252(a)(5).

Defendant filed the instant habeas petition, on January 30, 2013. Therefore, the Court is without jurisdiction to entertain it. Further, the action must be dismissed – it cannot be transferred. *See* Title 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act); *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) ("A petition under § 2241 filed in a district court after [May 11, 2011] must be dismissed; it can be neither entertained nor transferred.").

IT IS HEREBY ORDERED that Defendant's Title 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus by a Person in Federal Custody is DISMISSED.

Dated: May 1 , 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE